Case 4:26-cv-00104   Document 10   Filed 02/17/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISABELLA GUERRA-LAMARCHE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00104 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Isabella Guerra-Lamarche, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention. Doc. No. 1. Respondents have filed a motion for summary judgment (Doc. No. 7), to which petitioner has filed a response in opposition (Doc. No. 8).

The undisputed facts in the record show that Petitioner is a noncitizen who entered the United States without inspection. Petitioner contends that she is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that she has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's recent panel decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir.

Feb. 6, 2026). In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. Respondents' motion for summary judgment (Doc. No. 7) is **GRANTED**.

3. This case is **DISMISSED without prejudice**.

4. All other pending motions, if any, are **DENIED as MOOT**.

5. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to this Order or to the panel decision in *Buenrostro-Mendez v. Bondi, supra,* Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED**

Signed: February 17, 2026

Andrew S. Hanen
United States District Judge